| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| BOBBY RAY CARTER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| versus | § | CIVIL ACTION NO. 1:07-CV-659 |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Bobby Ray Carter, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge concerning the petition. The magistrate judge recommends the petition be dismissed as barred by the applicable statute of limitations.

The court has received the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. After careful consideration, the court concludes the objections are without merit. Petitioner contends his state intermediate appeal was not decided until April 15, 2006,

rather than on March 15, 2006, as found by the magistrate judge. He also contends his state application for writ of habeas corpus was filed on July 5, 2006, rather than on July 21, 2006, as found by the magistrate judge. Petitioner's contentions are not supported by the record. Moreover, under the magistrate judge's calculations, the period of limitations ran for 416 days before the federal petition was filed. As a result, even if petitioner is given credit for the additional 46 days to which he says he is entitled, the period of limitations would still have run for 370 days before the federal petition was filed and would therefore have been barred by the applicable period of limitations. In addition, the magistrate judge concluded the running of the period of limitations was tolled while petitioner's state application for writ of habeas corpus was pending. Petitioner contends tolling should have continued during the 90 day period he had to file a petition for writ of *certiorari* with the United States Supreme Court following the denial of his state application. However, the statutory tolling provided for by 28 U.S.C. § 2244(d)(2) does not include such 90 day period. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999).

## ORDER

Accordingly, petitioner's objections to the Report and Recommendation are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered dismissing the petition.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal

constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, the petitioner has not shown that the issue of whether his claims are barred by the applicable statute of limitations is subject to debate among jurists of reason. The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

SIGNED at Beaumont, Texas, this 29th day of May, 2009.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE